Thank you. Good morning. I'm John Rhodes from the Missoula Office of the Federal Defenders of Montana. I represent John Barlow. I'm going to try to reserve two minutes for rebuttal. We are asking the court to vacate Mr. Barlow's sentence and remand for resentencing. I will start with the base offense level, which goes to the categorical analysis of the Georgia aggravated assault statute. The government premises its argument, and this is stated at the government's brief pages 40 and 41. Georgia courts have clarified that Georgia code annotated section 16 five hyphen 20, subsection a subsection two cannot be committed recklessly. That is absolutely wrong. The Georgia Supreme Court in Patterson actually Well, the cases that you cite basically deal with jury instructions and all of that, so I don't find them exactly on point. I will say that. I guess help me with, I'm struggling with the fact of if you strike and shoot someone, you know, we don't see, you know, essentially pistol whipping and shooting someone. I'm, I'm, I'm having a problem with that. Your guess, you know, and I guess from a practical level, I recognize, I recognize, I can't tell you how much we all hate the categorical approach and the modified categorical approach, and we've all ranted and raved, but we're stuck with it. So that being said, you've created, tell me why what you've created isn't really under the facts of this case, sort of an esoteric way that the crime could have been committed, but it wasn't here. That's, that's what I'm Well, that is the categorical approach. This is an esoteric jurisprudential analysis. So the Shepard document that we have is the indictment, right? Correct. And it says he struck and shot, or what are the exact words, or strike and shoot, which is different than shoot at. I mean, like we shoot at and miss someone. He actually shot the person and struck the person. The indictment here says, quote, did unlawfully make an assault. That's the simple assault predicate that requires an aggravating fact. And what your honor just referenced is the aggravating fact. So where do I get the strike and shoot? What is that? That is the aggravating factor that makes Mr. Barlow and that predicate offense guilty of aggravated assault. And that becomes clear when you look at the Georgia cases, all of which... But where in the record am I pulling that from? It's in the indictment. Did unlawfully make an assault. That's the simple assault allegation. Does it, does the indictment say anything more than that? No, it just says, did unlawfully make an assault upon the person. And then it goes to the aggravating fact, which is the shooting and striking that you referenced. Okay, but that's in the Shepard document. Yes. Okay. I just want what's in the Shepard document. Did unlawfully make an assault upon the person. That's the simple assault element. And Georgia Supreme Court in Patterson took the Patterson case to determine if simple assault could be committed recklessly. And it determined that it could. And in terms of the shooting and the cruise, it was by pointing, chase by shooting, Johnson by striking, Simpson by shooting. And so there's... So the government's position that the Ninth Circuit in United States versus Garcia Jimenez has already determined that Georgia aggravated assault is a categorical match to the federal generic equivalent. How do you respond to that argument? Doesn't the government make that argument? Yeah, that wasn't even the issue there. And the court is familiar, Your Honor's familiar with Esparza Herrera. Are we bound by the survey of state laws in that case? I would say the court's bound by Esparza Herrera, which is the case before Garcia Jimenez. And in Esparza Herrera, which you're familiar with, you join the concurrence, basically saying we're bound to rule that a assault, an aggravated assault that can be committed recklessly is not a crime of violence, but here's all the problems with that law. But that is the controlling law. And you have to honor the construction of the state statute that's required by the highest court of the state. And that's why I repeatedly point to Georgia Supreme Court cases. And in Shepard documents, here it's unlawfully make an assault upon the person. In Cruz, which is a Georgia case, it did knowingly make an assault upon a person. And the Georgia court said that's still a reasonable apprehension, simple assault. And if you look at Carter, that language is the same as the Shepard document here. In Carter, it was unlawfully make an assault upon the person. So in Carter, though, it was shooting at. Isn't that correct? I believe so, yeah. Which is different than, well, I mean, from a victim's perspective, I'd rather have someone shoot at me than actually shoot me and strike me. But shooting at is more purposeful. That is, I am shooting in the exact direction at that person. By shooting could easily be committed recklessly or even negligently. Like you think about kids playing with guns, they could shoot somebody, they could by shooting with a negligent act. Under Georgia law, it's clear that could be committed recklessly. And I think just common sense by shooting could be committed recklessly. So the law is clear in Georgia that both assault, simple assault, I'm talking about subsections, can be given to the jury and the jury can convict under either subsection. Is it your position that if we vacate and remand for resentencing, we should instruct the court as to your position on the Georgia law so that it does not use the four-level enhancement? Correct, Your Honor. This case should be vacated with a base offense level of 14, which would be the base offense level that applies without this predicate. You're not objecting to the Montana conviction? No, Your Honor. I can argue that now here. I'll try to argue in about a minute. There were four levels added based on a judicial determination that Mr. Barlow committed another felony offense. It was primarily based on the testimony of Ms. Benson. She said the event lasted three to five minutes. The video of it shows it lasted 29 seconds. She admitted there were no verbal threats. She admitted Mr. Barlow never pulled the gun. She said that Mr. Barlow lifted his shirt to display the gun in some sort of apparent threat. That's not on the video. She said he kept placing his hand on the firearm. That's not on the video. So if you watch the video, where is the use of the firearm? So beyond our constitutional argument, we're saying there was clear error because the video completely discredits what Ms. Benson said the use of the firearm was. I see I've got a little over two minutes. Would you like to reserve the balance? Oh no, go ahead, Judge Bail. I'm not clear. What do you want us to do with respect to the Missouri the uh yeah the Missouri uh sentencing? The Georgia sentencing? The Georgia sentencing, I understand, but oh Montana? Montana. Montana, pardon me. What do you want us to do with the Montana sentencing? That there was clear error as a matter of guidelines law. Of course, we also think it's unconstitutional for a judge to be determining that Mr. Barlow committed a felony offense that he was never charged with, let alone had an arraignment, let alone had a trial with all the due process rights attended. Why was there clear error again? Because when you watch the video, which we encourage you to do, it contradicts Ms. Benson's testimony on which the court determined Mr. Barlow used the firearm. He didn't touch it in the video. He doesn't display it in the video. There were no verbal threats. She agreed to that. So there was no use of the firearm. The trial judge looked at the video. Yes. Correct. So you want us to say as a matter of law that that video, you want us to look at it and disagree that basically to say as a matter of law what's in the video cannot support what the judge did. We have our constitutional argument that's separate from the guidelines argument, which is clear error review. Yes, when you watch the video there's a definite and firm conviction that a mistake was made. So we'd like that four-point enhancement reversed on that basis. Any other questions? All right. Thank you. I'll give you two minutes on rebuttal. Thank you. Thank you. Good morning, your honors. Good morning. May it please the court. Carla Painter on behalf of the United States for the District of Montana. I'll begin the arguments where opposing counsel did. Yeah, I'd like to talk about that Georgia thing. So do you agree that the statutes are divisible and modified categorical approach applies? I do and I don't think that's really contested in this case, your honor. The defense simply claims that we should be analyzing under the reasonable apprehension prong, that second prong under the assumption that we cannot determine which simple assault occurred in this case, your honor, is exactly. So we have one shepherd topic document, right? Which is the indictment. Yes. So just give me your best argument on that and I've expressed what, you know, what my concerns and thoughts are for your friend on the other side. So I understand Judge Callahan. So the indictment as you noted specifically say states the defendant did shoot and did strike the victim with a handgun. That is different from shooting at because I can shoot at someone and cause reasonable apprehension. So is it your position that shooting at a victim as charged in Carter is meaningful different than shooting a victim as charged here or so? How should that, if there is a difference, how should that impact our analysis? You're exactly right, your honor. Shooting at can encompass both prongs, reasonable apprehension or actually attempting to cause a violent injury. Here there is only one way the defendant could have committed that simple assault. That was the attempt at violent injury. We know that because he completed the injury. It was a battery. He shot the victim and he struck the victim. Frankly, we simply disagree with the defense's characterizations in his second 28J letter. I do want to clarify as to the Simpson case. That was one instance where the defendant was alleged to have shot the victim. However, in that case there were multiple co-defendants, two of which were armed. So even though the indictment said the defendants shot the victim, there could have been more than one defendant that either caused reasonable apprehension or actually caused injury. Here we only have one defendant, John Barlow, who shot and struck the victim. So we know we're operating under the attempt at a violent injury. This is a divisible statute and frankly I think that's the most efficient way for this court to resolve the I believe you're the counsel for Mr. Barlow's sites. Why are those not? I noticed they were sort of talking about jury instructions. So is there anything in Georgia that we have? Yes, Your Honor, and I think that the best and earliest case for that proposition is Talton. We've cited many in our first, rather second 28J letter that stand for the proposition that when you allege a specific battery, you are stuck with that allegation. To permit the jury or the court to find the defendant guilty under the reasonable apprehension prong would constitute an unconstitutional variance. So we know now because Talton and the other cases cited had firmly established Georgia law. So if it hadn't said the strike and the shoot, then your argument would be not have to specify which assault occurred. If they do not, then the jury is instructed as to both strong. And in that instance, would you say that we wouldn't be able to tell here and we would have to say, okay, we he could have been. He could have been convicted. I think on something that would go beyond. I apologize, Your Honor. I agree that if it doesn't specify in the indictment, you look at both prongs. But I also think it's important to note critically here. The defense routinely relies on Patterson for the proposition that, quote, Georgia aggravated assault may be committed recklessly, end quote. That's in the second 28J letter. If you read Patterson closely, that is not the holding. In Patterson there, the court determines that the defendant was not entitled to an instruction on reckless conduct, a separate offense under Georgia law because, quote, evidence of Patterson's intent to drive the vehicle as he did is undisputed. So we know that puts it in the general intent column, and it was actually the defense that relied on the dissent in Patterson for this proposition that simple assault under Georgia law can be committed recklessly. Now, the 11th Circuit in Moss took that decision and ran with it. We think that's an improper reading of Patterson, and I would direct the court to actually the 5th Circuit that came out the other way under the reasonable apprehension prong. And recall, this is the elements analysis. We haven't even talked about the enumerated clause. But that case from the 5th Circuit is Valle Ramirez. It's 908 F. 3rd 981. And in that case, it relies on a decision from Georgia, the Daniels case, which said, quote, assault must include a demonstration of violence coupled with an apparent present ability to inflict injury. So we do think that even if this court determines the statute is not divisible, there is still a way to find that it is a crime of violence under the elements clause. So counsel for Mr Farlow said you can recklessly shoot someone. And so when I asked, well, how isn't I? I really don't want someone to strike me and shoot me. That's just I'm kind of feeling their intent there as opposed to just shooting in my general direction. What? How do how do we look at that? And in that case, that might be what Georgia considers reckless conduct, which is a separate offense. But we know for aggravated assault, you need to that Georgia law, considering the simple assault statute and the aggravators for aggravated assault, that required something more than extreme reckless indifference and relied on the general intent aspect of it. We know that was reaffirmed recently in Alvarez, where this court said general intent is sufficient for a crime of violence. So in Garcia Jimenez, the court said, even if a simple assault can be committed recklessly, we need to consider those other aggravating factors. And that's in the footnote in Garcia Jimenez, which explained how it was categorizing these cases for these states. And that was important because it was engaging in the enumerated clause analysis. We need to determine what the mental state is for the separate inquiry from looking at each element by each element under the elements clause. We think either under either analysis, this is a crime of violence. So Judge Bea was asking him that he wants it down to 14. Does it go down to 14 if that? If this court determines that aggravated assault under Georgia law is not a crime of violence, that is correct. The base offense level would be 14. It's bumped up to 20 based on that prior crime of violence conviction. We have another four points for the firearm enhancement. That was assault with the weapon. Frankly, I think it's telling that the defense didn't even provide the video for the court to review. I watched it many times. I would encourage you to watch it. I don't think that undermines anything. Miss Benson testified to the only thing that I think we can empirically say is that she got the time wrong. And we can certainly understand how trauma affects the brain and recording of time. But I don't think it's fair to say, as the defense argued, that the district court ignored those discrepancies. The court actually said, quote, and it may have appeared to Miss Benson to be three to five minutes, but it looked more like 30 to 45 seconds to me. But that doesn't deal with the reality of reasonable apprehension of bodily injury to another by use of a weapon. And the court proceeded to go through and explain everything that had been described by Miss Benson. Apparently in Montana, because everyone goes around with guns that you don't that in and of itself wasn't what she said got her upset. Correct. Exactly. And the district in California pretty much just seeing the gun would get us upset. But in Montana, apparently they can people can carry more generously. Correct. Wild West. Your honor is correct. The district court did acknowledge it's an open carry state. And Miss Benson said, yes, I've seen plenty of other guns. Those instances don't make me afraid. It was the unique facts and circumstances here that led to that fear. We have a stranger that pulls up in a vehicle in front of these two people. He starts screaming at them. He starts cursing at them. It's clear he has a firearm. You can see that in the picture in the brief. We know he's wildly gesticulating based on the testimony from Miss Benson. He repeatedly placed his hand on the weapon. He demonstrated it. He went out of his way to make sure she knew that he was armed. And it was the district court's findings there. They were largely uncontroverted. I don't know how we get to clear error, but it seemed perfectly consistent for reasonable apprehension, which is all Montana law requires. Thank you. All right. So let me find out if my colleagues have any questions. No further questions. All right. That wouldn't conclude your argument. Thank you. And I gave you two minutes for rebuttal. Thank you, your honor. The prosecution just agreed that in Georgia, the prosecutors don't have to instruct on the specific prong of simple assault. That's what the case law says. And when the prosecutor read the indictment to you, the government focuses on the aggravating facts. It skipped right over, did unlawfully make an assault upon the person. The type of simple assault is undefined. Then the prosecution went to Simpson and said, oh, there's multiple defendants. So maybe somehow Mr. Simpson was being held criminally liable for the actions of another defendant, some sort of conspiracy to commit aggravated assault. That makes no sense. The Simpson case is clear that with an instruction like this, or sorry, an indictment like this, the person can be convicted under either prong of the simple assault statute. So that proves our case. In terms of the Fifth Circuit that the to this court and that the Eleventh Circuit adjudicated in Carter and Moss in the Fifth Circuit case law, the mens rea issue was not considered. And we briefed that extensively to the court. The government doesn't seem to understand. It's saying with aggravated assault, you need to intend your conduct. That doesn't mean you need to intend your harm. That seems to be the mental block I think the government's having in this case. By the way, I take offense about somehow you can read into the record, read into the fact that we didn't give the video to this court, that we're trying to hide it. There's an email exchange between myself and Ms. Painter that I said, it's part of the record. So we want the court to watch the video. Finally, the court or the government brings up Talton, started talking about battery. We're talking about assault. Plus in Dalton, or Talton, the point was there that they amended the jury instructions because the person was charged with shooting or shooting. And then the jury was instructed on pointing. And so the issue there wasn't the mens rea, it was this constructive amendment. Finally, Your Honor, I just, I'm always honored to appear in this courthouse, the William Nakamura Courthouse. And on this day, I'm especially honored. He was a heroic member of the legendary 442nd. So I just want to express my gratitude to him and all of the 442nd and their families. I hold them in the highest reverence. Thank you. All right. I think that you both did a good job on the categorical and the modified categorical approach. We've been doing this for many years and we appreciate your continued articulation of a difficult issue. Thank you both. This matter will stand submitted.
judges: SCHROEDER, CALLAHAN, BEA